## I. P. TITUS v. W. E. WARREN AND TRUSTEE.

### October Term, 1894.

*With what debts homestead can be charged. Right to waive items of account.*

1. When the plaintiff seeks to charge the homestead of the defendant with the judgment to be obtained, he may waive those items in his account which accrued subsequently to the acquiring of the homestead.

2. It is the *existence* of the cause of action, and not whether the demand is due which determines the liability of the homestead.

General assumpsit.   Heard upon an agreed statement of facts at the June term, 1894, Caledonia county, Tyler, J.,

presiding. Judgment against the principal defendant, and that the trustee is holden. The trustee and claimant except.

The debt due from the principal defendant to the trustee was for the purchase price of the defendant's homestead, and the question was whether this fund was attachable upon the plaintiff's debt. The defendant acquired his homestead April 20, 1889. The plaintiff's account was a store bill which accrued from 1886 to 1891. Upon the trial the plaintiff was allowed, against exception, to waive all those items which accrued after April 20, 1889.

The plaintiff's account continued to be an open book account until after the date of acquiring the homestead, and items of both debt and credit entered into it after that date.

*W. H. Taylor* for the trustee and claimant.

The debt due on mutual book accounts is the balance, and in this case the balance recovered was not fixed until after the homestead was acquired. *Abbott* v. *Keith*, 11 Vt. 528; *Hodge* v. *Manley*, 25 Vt. 213; *Bunnett* v. *Pinto*, 2 Conn. 213; *Avery* v. *Fitch*, 4 Conn. 362; *Stine* v. *Austin*, 9 Mo. 558; *Penn* v. *Watson*, 20 Mo. 16; *Ring* v. *Jamison*, 2 Mo. App. 591.

The plaintiff could not avoid the effect of this by omitting the items which accrued after the acquiring of the homestead. *Herren* v. *Campbell*, 19 Vt. 24; *Danforth* v. *Streeter*, 28 Vt. 494; *Carpenter* v. *Pier*, 30 Vt. 89; *Hassam* v. *Hassam*, 22 Vt. 519; *Wing* v. *Hulburt*, 15 Vt. 607; *Pratt* v. *Gallup*, 7 Vt. 344.

*B. E. Bullard* for the plaintiff.

The plaintiff was properly allowed to omit from the judgment the items as to which the homestead was not attachable. *Sibley* v. *Johnson*, 43 Vt. 67; *Foot* v. *Ketchum*, 15

Vt. 258; *Downer* v. *Bank*, 39 Vt. 25; *Knapp* v. *Sturgis*, 36 Vt. 721; *Walker* v. *Sargent*, 14 Vt. 247; *Lyman* v. *Tarbell*, 30 Vt. 463; *Wheeler* v. *Winn*, 38 Vt. 122; *Gerren* v. *Campbell*, 19 Vt. 23; *Danforth* v. *Streeter*, 28 Vt. 490; *Carpenter* v. *Pier*, 30 Vt. 81.

START, J.   In the court below the trustee was adjudged liable, on account of money due and owing from him to the principal defendant for a homestead conveyed to him by the defendant; and the case comes to this court on exceptions taken by the trustee and claimant, who claim that the sum thus due is exempt from attachment by trustee process.

The plaintiff in his specification set out several items of account, some of which accrued before and some after the homestead was acquired.   The court properly allowed the plaintiff to waive his right of recovery upon items of his account which accrued subsequent to the time the defendant acquired his homestead, and rendered judgment against the principal defendant for only such causes of action as existed at the time of acquiring the homestead.   It is clear that the judgment is founded upon a cause of action which existed at the time the homestead was acquired.   The judgment being founded upon such cause of action, the funds in the hands of the trustee were subject to attachment by trustee process.

R. L., s. 1076, relied upon by the trustee and claimant, exempts from attachment by trustee process such sums only as are due and owing to the principal defendant for property sold and conveyed by him, which was, at the time of the sale, exempt from attachment and levy upon execution.   R. L., s. 1901, expressly provides that the homestead of the debtor shall be subject to attachment and levy upon execution upon causes of action existing at the time the homestead was acquired.

The authorities cited in support of the claim that a cause of action accrues at the date of the last item of an account,

have no application to this case.   The causes  of  action for
which the plaintiff recovered judgment against the principal
defendant all *existed* before the date  of  the  last item on the
specification, and before the homestead was acquired.    The
*existence* of  the cause  of  action at the time the homestead
was acquired determines the right of  the plaintiff  to attach
the funds in the hands  of  the  trustee.    The statutes above
cited  make  the  right to depend upon  the existence of  the
cause  of  action, and  not upon whether the demand is due,
so that an  action could be maintained at the time the home-
stead was acquired.

   *Judgment affirmed.*